UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| ESTATE OF DENNIS SIMPSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | No. 1:14-cv-01035-SEB-MJD |
|  | ) |  |
| BARTHOLOMEW COUNTY JAIL, | ) |  |
| BARTHOLOMEW COUNTY SHERIFF'S | ) |  |
| DEPARTMENT, | ) |  |
| BARTHOLOMEW COUNTY SHERIFF, | ) |  |
| BARTHOLOMEW COUNTY BOARD OF | ) |  |
| COMMISSIONERS, | ) |  |
| DOES 1-50, INCLUSIVE, | ) |  |
| BARTHOLOMEW COUNTY SHERIFF'S | ) |  |
| DEPUTIES, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**ORDER ON PLAINTIFF'S MOTION TO AMEND**

This matter comes before the Court on Plaintiff's Motion for Leave to File Amended Complaint. [Dkt. 48.] For the following reasons, the Court **GRANTS** Plaintiffs' motion.

I. **Background**

On June 23, 2014, the Estate of Dennis Simpson ("Plaintiff") sued Bartholomew County Jail, Bartholomew Sheriff's Department, the Bartholomew County Sheriff, Bartholomew County Sheriff's Deputies, Bartholomew County Board of Commissioners, and John Does 1 through 50 ("Defendants"). [Dkt. 1 at 1.] The Complaint alleged that Dennis Simpson fell out of his bunk while in the custody of the Bartholomew County Jail and died due to injuries to his head and torso. [*Id.* at 4.] Plaintiff alleges that Defendants' negligence in not following their own

1

procedures for medical assessments and screening of inmates caused Simpson's death. [*Id.* at 5-9.]

Defendants moved to dismiss the Complaint on August 13, 2014. [Dkt. 21.] Plaintiff filed the current motion to amend on September 29, 2014. [Dkt. 33.] Plaintiff asks to "remove Bartholomew County Jail, Bartholomew County Sheriff's Department, Bartholomew County Board of Commissioners, and personally name Bartholomew County Sheriff Mark E. Gorbett." [Dkt. 33 at 1.] Thus, the proposed First Amended Complaint ("FAC") names as defendants "Mark E. Gorbett individually and in his official capacity as Bartholomew Sheriff" and "Bartholomew County Sheriff's Deputies Does 1-50, inclusive." [Dkt. 33-1 at 1.] Plaintiff's proposed FAC also dispenses with the negligence claim; instead, it asserts a claim under 42 U.S.C. § 1983 alleging that Defendants exhibited deliberate indifference in violation of Simpson's Eighth Amendment rights. [Dkt. 33-1 at 4.]

## II. Legal Standard

A party may amend its complaint as a matter of right within 21 days "after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Defendants filed their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b) on August 13, 2014. [Dkt. 21.] Plaintiff filed the current Motion to Amend on September 29, 2014, [Dkt. 33], outside of the 21-day window, and Defendants have not consented to Plaintiff's amendment. Thus, Plaintiff may amend its complaint only with the Court's leave. Fed. R. Civ. P. 15(a)(2).

"The court should freely give leave when justice so requires." *Id.* This rule, however, does not mandate that leave be granted in every case: "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to

cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

Defendants oppose the motion to amend only on the ground that the proposed amendment is futile. [*See* Dkt. 36.] An amendment is futile if the amended pleading would not survive a motion to dismiss.[1] *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014) *reh'g denied*, No. 13-3350, 2014 WL 4979692 (7th Cir. Oct. 7, 2014). To survive a motion to dismiss, the new complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *McCoy*, 760 F.3d at 685 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The party resisting the amendment bears the burden to show the amended complaint's futility. *See, e.g.*, *Foreman v. King*, No. 12 CV 50419, 2013 WL 4482612, at *1 (N.D. Ill. Aug. 20, 2013).

### III. Discussion

Defendants argue that the proposed FAC is futile because 1) the proposed FAC fails to state a claim "against any of the proposed defendants;" and 2) the plaintiff in the FAC is "not a legal entity capable of brining suit." [Dkt. 36 at 1.]

**A. Failure to State a Claim**

Defendants argue that the proposed FAC is futile because it fails to state a claim upon which relief can be granted. [Dkt. 36 at 2.] The proposed FAC includes as defendants Sheriff Mark Gorbett in his individual capacity; Sheriff Gorbett in his official capacity; and fifty unnamed Bartholomew County Sheriff's deputies. [Dkt. 33-1 at 1.] Defendants assert that

---

[1] Many Seventh Circuit decisions state that an amendment is futile if it would not survive a motion for summary judgment. *See, e.g., King ex rel. King v. E. St. Louis Sch. Dist. 189*, 496 F.3d 812, 819 (7th Cir.2007). In these decisions, however, the case had already progressed to the summary judgment stage. Thus, it "would have been incongruous for the court to have defined futility in terms other than the capacity of the amendment to survive summary judgment." *Duthie v. Matria Healthcare, Inc.*, 254 F.R.D. 90, 95 (N.D. Ill. 2008). In this case, in contrast, the parties have not yet moved for summary judgment, and whether the amendment would survive a motion to dismiss is the proper standard. *See, e.g., Bank of Am. NA*, 2011 WL 5040723, at *3.

3

Plaintiff has not alleged sufficient facts to make out a claim against any of these defendants. [Dkt. 36 at 2.]

1. **Sheriff in Individual Capacity**

Section 1983 "creates a cause of action based upon personal liability and predicated upon fault. An *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986) (emphasis original) (quoting *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.1983)). Hence, a supervisory official is not liable under § 1983 without a showing of "direct responsibility" or "an affirmative link" between the misconduct complained of and the official sued. *Id.* Individual liability must be "predicated upon personal responsibility." *Schultz v. Baumgart*, 738 F.2d 231, 238 (7th Cir.1984).

Plaintiff's proposed FAC includes no factual allegations indicating that Sheriff Gorbett had any direct or personal responsibility for the alleged misconduct at the Bartholomew County Jail. [*See* Dkt. 33-1 at 3-4.] Plaintiff does not allege that Gorbett was even present at the jail on the night of Simpson's death, let alone that Gorbett participated in the events leading to Simpson's death. [*See id.*] Without this showing of direct or personal responsibility, the claim against Gorbett in his individual capacity must fail, *see Rascon*, 803 F.2d at 273, and this aspect of Plaintiff's proposed FAC is futile. *McCoy*, 760 F.3d at 685

2. **Sheriff in Official Capacity**

To the extent that Plaintiff's FAC names Gorbett in his official capacity, the action operates as a claim against the government entity itself. *Rascon*, 803 F.2d at 274 (citing *Monell v. Department of Social Services*, 436 U.S. 658, 690 n.55 (1978)). Such a claim "against a state or local agency or its officials may not be premised upon a *respondeat superior* theory." *Id.*

Instead, the claim must be based on the municipality's official policy. *Id.* Thus, to state a claim against Gorbett in his official capacity, Plaintiff's FAC must plead that Defendants' actions "were taken pursuant to an official—albeit impermissible—policy." *Id.*

Plaintiff's proposed FAC pleads just the opposite. Plaintiff describes the policies of the county jail at length and then states that the policies, "if followed, would have prevented the death of Plaintiff." [Dkt. 33-1 at 8.] The claim therefore is not "plausible on its face." *McCoy*, 760 F.3d at 685. Instead, the pleading's own allegations preclude liability against Gorbett in his official capacity. Thus, this aspect of Plaintiff's FAC would not survive a motion to dismiss and is futile. *See id.*

### 3. Unnamed Sheriffs

Plaintiff's proposed FAC finally includes fifty unnamed sheriff's deputies as defendants. Defendants do not acknowledge the presence of these unnamed deputies in the FAC. [*See* Dkt. 36 at 2.] Further, Defendants bear the burden of showing that the amended complaint is futile. *See, e.g.*, *Foreman v. King*, 2013 WL 4482612, at *1. By providing no analysis whatsoever of the allegations against the deputies, Defendants have not carried their burden to show that the amended complaint against the deputies would be futile.

Additionally, the fact that the deputies are as yet unnamed is not fatal to Plaintiff's claim. A person must ordinarily know the identity of an alleged wrongdoer before suing, but a suit should not be dismissed in "any case in which, usually because the plaintiff has been injured as the consequence of the actions of an unknown member of a collective body, identification of the responsible party may be impossible without pretrial discovery." *Billman v. Indiana Dep't of Corr.*, 56 F.3d 785, 789 (7th Cir. 1995). Plaintiff in this case specifically notes that the Bartholomew County Jail provided very little information concerning Simpson's death, [Dkt. 33-

5

1 at 4], and that Plaintiff has "no way of discovering the identities of [the individual deputies] without conducting discovery." [Dkt. 34 at 3.] Naturally, Plaintiff "must discover the names of the defendants in order to serve summonses on them and thus establish the court's personal jurisdiction, without which the suit must be dismissed." *Billman*, 56 F.3d at 789. Plaintiff's initial inability to do so, however, "is not by itself a proper ground for the dismissal of the suit." *Id.*

Based on the above reasoning, and in light of Defendants' failure to make any showing of futility with regard to the deputies, the Court finds that Plaintiff's proposed claim against the deputies could survive a motion to dismiss and is not futile. Moreover, the standard for futility of amendment asks whether the pleading as a whole could survive a motion to dismiss. *See McCoy*, 760 F.3d at 685 ("District courts may refuse to entertain a proposed amendment on futility grounds when *the new pleading* would not survive a motion to dismiss") (emphasis added) (quoting *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir.2013)). Thus, even if the portions of the complaint directed at Sheriff Gorbett are futile, the remaining allegations against the deputies would allow the FAC to survive a motion to dismiss, such that the Court should grant Plaintiff's motion to amend. Before doing so, however, the Court will address Defendants' remaining argument.

### B. Plaintiff's Capability to Bring Suit

Defendants argue that the plaintiff in the proposed FAC—the "Estate of Dennis Simpson," [Dkt. 33-1 at 1]—"is not a legal entity capable of brining" the FAC's § 1983 claim. [Dkt. 36 at 1-2.] Plaintiff did not address Defendant's argument.

"The proper party plaintiff in a section 1983 case is determined by reference to state law." *Strandell v. Jackson Cnty., Ill.*, 648 F. Supp. 126, 135 (S.D. Ill. 1986) (citing *Cunningham*

*v. Ray*, 648 F.2d 1185, 1186 (8th Cir.1981); *cf. Robertson v. Wegmann*, 436 U.S. 584, 592 (1978) (examining state law to determine survivorship of action when original § 1983 plaintiff dies before disposition of case).

In Indiana, the estate of a decedent itself cannot be a party to an action: "It has been held many times by the Supreme and Appellate Court of Indiana that the estate of a decedent cannot be a party to an action without a representative." *Wilson v. Kings' Estate*, 170 N.E.2d 63, 64 (Ind.App. 1960); *see also Estate of Eiteljorg ex rel. Eiteljorg v. Eiteljorg*, No. 1:09-CV-0726-SEB-DML, 2012 WL 1574927, at *3 (S.D. Ind. May 3, 2012) ("Indiana case law makes clear that 'the estate of a decedent cannot be a party to an action without some form of representation.'") (quoting *Pasley v. Am. Underwriters, Inc.*, 433 N.E.2d 838, 841 (Ind.Ct.App. 1982)). The "failure to name the personal representative of the deceased" is "fatal" and requires dismissal. *Wilson*, 170 N.E.2d at 64.

Plaintiff in this case has not named a personal representative of the estate in its proposed FAC. In accordance with Indiana law, the plaintiff is therefore "not a legal entity capable of bringing suit," [Dkt. 36 at 1], and the complaint would not survive a proper motion to dismiss on this basis.

This would typically render Plaintiff's proposed FAC futile. *See McCoy*, 760 F.3d at 685. The plaintiff in the current complaint, however, is also listed as the "Estate of Dennis Simpson," [Dkt. 1 at 1], and Defendants did not raise lack of capacity in their Motion to Dismiss. [*See* Dkt. 21.] They have therefore waived this issue. *Swaim v. Moltan Co.*, 73 F.3d 711, 718 (7th Cir. 1996) ("Like questions pertaining to personal jurisdiction, those involving capacity must . . . be identified in either a responsive pleading or motion. Failure to raise capacity in a responsive pleading amounts to forfeiture of that right." (citation omitted)); *see also De Saracho v. Custom*

*Food Mach., Inc.*, 206 F.3d 874, 878 (9th Cir. 2000) ("[A]lthough an objection to a party's capacity is not an affirmative defense, it can be analogized to an affirmative defense and treated as waived if not asserted by motion or responsive pleading.") (quoting 5 Wright & Miller, *Federal Practice and Procedure* § 1295 (3d ed. 1998)); *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160. F.3d 925, 936 (2d Cir.1998) ("Lack of capacity is generally not considered jurisdictional and is therefore waived if not specifically raised."); *Europaper B.V. v. Integrated Material Mgmt. Serv., Inc.*, No. 01 C 211, 2003 WL 21688233, at *1 (N.D. Ill. July 17, 2003) ("[C]apacity to sue must be raised in a responsive pleading or motion or it is waived."). Thus, any attempt on Defendants' part to assert lack of capacity in response to Plaintiff's FAC would *itself* be futile, and the FAC would survive a motion to dismiss on this basis.

## IV. Conclusion

For the reasons stated above, the Court finds that neither of Defendants' arguments establish that Plaintiff's proposed First Amended Complaint would be futile. The Court accordingly **GRANTS** Plaintiff's Motion for Leave to File Amended Complaint. [Dkt. 48.] The Clerk is directed to file Plaintiff's First Amended Complaint, [Dkt. 33-1], and accompanying exhibits, [Dkts. 33-2 through 33-12], as of the date of this order. In light of the filing of the First Amended Complaint, Defendant's Motion to Dismiss, [Dkt. 21], is **DENIED AS MOOT** without prejudice to its resubmission in response to the First Amended Complaint, and Defendants are ordered to answer or otherwise respond to Plaintiff's First Amended Complaint as set forth in the applicable federal rules.

Date: 11/07/2014

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Edward J. Liptak
CARSON BOXBERGER
liptak@carsonboxberger.com

Jeremy Michael Dilts
CARSON BOXBERGER
dilts@carsonboxberger.com

David E. Miller
SAEED & LITTLE
david@sllawfirm.com

Jonathan Charles Little
SAEED & LITTLE, LLP
jon@sllawfirm.com